## ROBISON et al. v. GREEN et al.

No. 3871.  Decided March 22, 1923.  (213 Pac. 1081.)

1.  CONTINUANCE—PROPERLY REFUSED FOR ABSENCE OF PARTICULAR EXPERT WITNESS AS TO WATER APPROPRIATION RIGHTS, WHERE DEFENDANT HAD AMPLE TIME FOR PROCURING OTHER TESTIMONY. Where complaint to quiet title to water rights, in which the complainant claimed all the water of a creek as to which defendant had filed application for appropriation, was filed and summons served in October, 1920, and demurrer overruled February, 1921, defendant's motion for continuance on August 6th following, three days before trial, on the ground that a particular expert witness was absent from the state and could not be obtained in time for trial, was properly overruled; evidence of any particular witness not being required, the issue being plain and known to defendant, and evidence procurable by proper diligence.

2.  NEW TRIAL—WATERS AND WATER COURSES—EVIDENCE AS TO PLAINTIFF'S RIGHT TO WATER APPROPRIATION HELD SUFFICIENT TO SUSTAIN DECREE QUIETING HIS TITLE AND TO JUSTIFY OVERRULING MOTION FOR NEW TRIAL. In action by plaintiff to quiet title to water rights in which he claimed the entire waters of a creek as to which defendant had made application for appropriation, evidence *held* to sustain the court's findings in plaintiff's favor and to justify overruling of defendant's motion for a new trial.

3.  WATERS AND WATER COURSES—DECREE QUIETING PLAINTIFF'S TITLE TO ALL THE WATERS OF A CREEK UNDER EXISTING CONDITIONS SHOULD NOT PRECLUDE DEFENDANT'S FUTURE APPLICATION FOR APPROPRIATION. Where defendant filed application for appropriation of waters from a creek as to which plaintiff then brought suit to quiet title claiming all the waters of such creek by prior appropriation, and in which action defendant contended that by method of saving the waters from seepage and other loss water could be appropriated still leaving to

plaintiff his original amount of water, a decree for plaintiff should not preclude future applications by defendant, but he should be left with the same freedom as any other person in such respect.

Appeal from District Court, Fifth District, Millard County; *J. H. Erickson*, Judge.

Action by Parker Robison and others against Webb Green and others to quiet title to water rights. Judgment for plaintiffs, and defendants appeal.

MODIFIED AND AFFIRMED.

*George Buckle*, of Salt Lake City, and *A. C. Cole*, of Bingham, for appellants.

*J. A. Melville, Jr.*, and *W. E. Rydalch*, both of Salt Lake City, for respondents.

THURMAN, J.

On February 1, 1919, the defendant Webb Green filed his application No. 7985 in the office of the state engineer of the state of Utah for the appropriation of 20 second feet of the waters of Pine creek in Millard county, Utah. As stated in the application, the diverting works were to consist of a galvanized pipe line 15,840 feet long (exclusive of laterals), and the water conveyed thereby was stated to be for the irrigation of approximately 1,000 acres of land. The application was approved September 24, 1920, subject to an indorsement thereon by the state engineer to the effect that the approval of the application was not a guaranty that the amount of water called for was available. The application also expressly stated that no claim was made for water previously appropriated by others, but only for such water as might be saved from evaporation and seepage.

Plaintiffs, claiming under prior appropriations, seasonably and in due course of procedure filed their protests in the office of the state engineer against defendant's application,

and within 60 days after the approval thereof commenced this action against both the defendant Green and the state engineer to quiet their title to the waters of the creek.

The complaint of plaintiffs, in substance, alleges that they are, and that they and their predecessors in interest for more than 40 years prior to the commencement of the action have been, the owners of the right and entitled to use all of the waters of said Pine creek for the irrigation of their lands, described in the complaint. It is alleged in the complaint that plaintiffs' lands in the aggregate amount to several thousand acres, but that not more than a thousand acres at most can be watered by said creek, and in ordinary seasons there is not more than sufficient water to irrigate exceeding 500 or 600 acres. In brief, it appears from the complaint that while plaintiffs and their predecessors in interest have at all times used the water with economy and permitted none to run to waste, even in times of flood, still there has never been sufficient water in said creek to irrigate more than a small fraction of their lands. By such use of the water as they have been able to make they have raised annually valuable crops of alfalfa, alfalfa seed, wheat, oats, barley, corn, rye, wild hay, pasturage, and other crops common to the state of Utah. The quantity of water alleged to be necessary for the proper irrigation of said lands annually is not less than three acre feet per acre. Finally it is alleged in the complaint that the contemplated appropriation of water by defendant Green, from the waters of said creek, cannot be made without great and irreparable injury to plaintiffs, and that the approval of his application by the state engineer constitutes a cloud upon plaintiffs' title to said water and to the use thereof. In addition to their prayer to have their title quieted, plaintiffs pray for injunctive relief.

The answer of defendants, in effect, admits the appropriation of the water by plaintiffs, but affirmatively alleges that, between the point where defendant Green proposes to divert the water under his application and the western boundary of his said land across which the creek flows, the said creek

passes over a rocky, gravelly, and porous formation, whereby and by means of which at least 50 per cent. of the water is wasted by seepage and evaporation, which said waste could be prevented by means of the pipe line which he proposes to construct. It is also alleged in the answer that by means of said pipe line more than 20 second feet of the waters of said creek can be saved and developed, and defendant proposes diverting the same to the irrigation of his said land. The answer specifically disclaims any intention of interfering with the rights of others or of claiming any water to which others may be entitled.

The trial court sitting without a jury found for the plaintiffs. From the judgment entered thereon defendant appeals. He assigns as error the denial of his application for a continuance and the order overruling his motion for a new trial. The other assignments are not of sufficient importance to merit consideration.

The complaint was filed and summons served on defendant in October, 1920. Defendant demurred to the complaint and the demurrer was overruled in February, 1921. Defendant's answer and plaintiff's reply were filed in June of the same year, and the case was then set for trial August 9th next following. On August 6th defendant filed his motion for a continuance, assigning as ground therefor the absence of a certain expert witness who had agreed to appear and testify in the cause but who was absent from the state and his presence could not be obtained. It appears from the affidavits of defendant that the witness referred to would, if present, testify that he had made certain measurements of the creek in 1912 and 1913, and that by means of a pipe line constructed large quantities of the water of said creek could be saved from seepage and evaporation. Defendant's affidavits for continuance also show that, upon learning of the absence of the witness above referred to, he engaged the services of another engineer, but that said engineer had not had sufficient time and opportunity to qualify himself as a witness as to the loss of water by seepage and evaporation.

The affidavits filed are somewhat elaborate, but the above fairly reflects the substance.

The cause was not heard until November 15, 1921, at which time the defendant renewed his application for a continuance upon substantially the same grounds as appear in the affidavits to which reference has been made. The application was denied.

In the very nature of the case it is manifest there was no merit in the application for continuance. From the time the plaintiffs filed their protests against defendant's application in the office of the state engineer, defendant knew, or must have known, the plaintiffs claimed all the water of the creek and that the controlling question would be whether or not there was water running to waste and the quantity thereof that might be developed. He knew in October, 1920, when he was served with plaintiffs' complaint, that plaintiffs were contesting his right and that they claimed the right to use all the waters of the creek for beneficial purposes. He knew that he was seeking by development to acquire water from a creek the surface waters of which had all been appropriated by plaintiffs, and that their appropriations must first be supplied before he could acquire a right. These were matters within his knowledge for considerably more than a year before the case came on for trial. In fact, it is not unreasonable to presume they were within his knowledge from the time the first protests were filed against his application in the office of the state engineer. The evidence he needed was that of an expert, not of some particular expert, but a competent engineer who could measure the stream at different points and ascertain the quantity of water that might be developed by his diverting works and whether or not such works would interfere with plaintiffs' appropriation. He made no showing whatever of diligence in trying to procure the evidence upon which he must rely, and consequently the court did not err in denying his motion for a continuance.

But it is contended that the court erred in denying defendant's motion for a new trial. The evidence introduced

by plaintiffs was positive to the effect that they and their predecessors in interest had annually for more than 25 years used all the water of the creek that would reach their land, even including flood waters and water from freshets after the normal waters of the creek ceased to flow. The evidence also showed without contradiction that plaintiffs were never able to irrigate more than a small fraction of their land even in the most favorable season for water because of the insufficiency of the supply. Considerable evidence was also introduced by plaintiffs to the effect that the water of the creek would sink and disappear at some points in the channel of the creek and reappear at points below. Furthermore, it is not ascertainable from the evidence introduced by plaintiffs just how much water they used or how many acres they could irrigate one year with another on account of the fluctuation in the flow and the occasional happening of freshets, especially in the latter part of the season. The only definite fact established by the evidence was that plaintiffs used all of the water of the creek that would reach their land. The amount of land irrigated ranged all the way from 200 to 300 to as much as 1,000 acres. It all depended on the nature of the season.

The defendant offered no evidence whatever except his application filed in the office of the state engineer and the state engineer's qualified approval thereof, to which we have hereinbefore referred. The application was not evidence of any material fact, except that it had been duly made and approved, which fact was not in dispute. No evidence was offered that any water could be developed and saved, or, if developed and saved, how it could be segregated and applied without interfering with plaintiffs' rights.

In view of these circumstances and conditions, it seems to us the trial court could not do otherwise than to enter a decree quieting plaintiffs' title to the water as prayed for in the complaint, as against the defendant Webb Green under his present application No. 7985, which constitutes his sole defense. As far as concerns a future application for water in the office of the state en-

gineer, the court is of opinion the defendant would have the same right as any other person entitled to make an application for water.

With this modification the judgment of the trial court is affirmed. Each party to pay his own costs.

WEBER, C. J., and GIDEON, FRICK, and CHERRY, JJ., concur.